Your honors, may it please the court, I'd like to reserve three minutes for rebuttal. I'm Robert Myers, representing appellant Demario Booker. The district court abused its discretion by responding to a jury question in a way that allowed the jury to convict on an impermissible basis. The district court's answer allowed the jury to convict based on the fact that Mr. Booker was physically proximate to a gun and knew about the gun, but that's insufficient to establish control, a required element of constructive possession, particularly where the physical proximity to the gun, in this case, was due to the fact that Mr. Booker was temporarily driving a jointly occupied car owned by somebody else. But he was driving the car. He was driving the car, correct your honor. It's not a passenger case. It's not a passenger case, but driving is not sufficient to establish control. I think Posner's hypothetical and It is vis-a-vis the car. I mean, it's constructive possession. No. It's insufficient in other cases. Not always, but at least it permits a finding. Yeah, I would disagree with that, your honor. I think that Posner hit the nail on the head with his hypothetical in United States versus  You mean Judge Posner? Yes. Judge Posner. Sorry, your honor. Make sure we know who you were talking about. Correct. Yes. Not Eric Posner. That giving a policeman a lift in your car does not make you constructively possess the gun that policeman holds. And I don't think that answer is any different if the policeman gets in the backseat of your car and tells you, hey, I'm putting my gun on the floor or I'm sliding the gun under the seat simply because you know about the gun in your car and you're driving. And actually, it's not even your car. Posner's hypothetical. It was that person's car. Here he's simply temporarily giving a buddy a ride home. So I don't think that driving is sufficient to establish the control here. Why weren't the original instructions flawed on this view? I don't understand why the jury question makes any difference. You agreed to the original instructions, which set out the standard definitions of constructive possession. Correct, your honor. I believe that the original instructions were problematic. Counsel failed to object. But because of the similarity of this case with Manning, I think the original instructions were problematic. In Manning, this court reversed when the identical instruction was given on constructive possession and the district court failed to give a mere presence instruction. Why? Because Manning found that failure to give the mere presence instruction in that case did not preclude a conviction on an impermissible basis. In fact, this court characterized Manning that way in the case Jordan. It said, Manning was reversed because we believe that the instruction given on possession was insufficient to preclude conviction for mere presence of the defendant. But that would be a plain error question here as to the original instruction. Correct. The standard of review would change. But here, because... You're saying that because there was a question, the court was then required to give an instruction that it wasn't sought originally. Correct. Because under the Ninth Circuit case, United States v. Lane, when there is a question, a jury question, that permits counsel to not only object to the answer given, and that's frankly what counsel did here, object to the answer given, which is to point back to the wait, we've got a problem here. We need mere presence instruction. And it's not surprising that counsel didn't originally object to the instructions because neither the prosecution nor the defense was really prosecuting this as a constructive possession case. This was a case that turned on actual possession, or at least appeared to based on the arguments made in closing. So I think that defense counsel was surprised by the jury... Are you saying the initial instruction was flawed, period, or that an instruction later requested should have been given then? Well, we don't need to get into the issue of what would the standard of review be for the original instructions. Because here we have a jury... You said it was flawed. It was pretty routine, wasn't it? Well, it's the model instruction, but... Okay. So you're saying, oh, the whole model, throw the whole thing out. Well, I think in the vast majority of the cases, the model instruction is perfectly appropriate. But it's clearly not always appropriate. Manning reversed on that precise instruction. So it can't be the case that it's always appropriate, otherwise Manning wouldn't make any sense. And under the prior panel rule, Manning is still good law. So what I'm saying is because there was a question, we don't need to get into the issue of what would the standard of review have been had there not been a question. But at the time the jury asked a question, Mr. Booker was entitled to an accurate statement of the law, counsel requested the mere presence instruction, and it should have been given. Now the reason why this case is controlled by Manning, why was the mere presence instruction required in Manning? It was because the case was close. Manning testified that he never saw the gun. There was no fingerprint evidence. Both cops actually placed Manning in the front seat as the person who slid out the shotgun. But Manning testified he was the same skin color and height as the person he said was in the front seat. And the cops couldn't remember who had a beard and clothing that people wore. So there were some problems with the cop's testimony. Now look at the facts here. There's no fingerprint or DNA evidence linking Mr. Booker to the gun. The government says, I think all that is true, driving several miles without stopping and leaving the car when you're a felon and you know there's a gun in the car you're driving is enough for a constructive possession finding in a felon in possession case. What's wrong with that argument? Well I don't think there's case law supporting it. The closest case is right, which is a sufficiency of the evidence case, not a jury instruction case. And there the person driving the car was the only person driving the car and in fact admitted that they were driving the car for the express purpose of disposing the gun. And Orozco, which I didn't reread for this purpose. Orozco is another sufficiency of the evidence case. They can't rely on sufficiency of the evidence cases in a jury instruction case. The question on a sufficiency of the evidence case is, is guilt spelt out on the record? The question in a jury instruction case. You're relying on manning, which is not a response to jury question case. Correct. It's a timely requested instruction case. We don't have that here either. So isn't the district court entitled to take into account the fact that deliberations were ongoing and that adding new instructions at that point may unduly influence the deliberations? They're different considerations, don't you think, in answering a question than in the initial instructions? Your Honor, I see that my time is now up if I want to reserve rebuttal. But I'm interested in whether that's relevant here. It certainly is a difference. I don't think that it controls because the principle in manning is if there's a sufficiently close case, then you need the instruction to prevent conviction on an impermissible basis. Now, here, trial counsel didn't catch it initially, but they caught it in response to the question. But the point the government's making is it's not an impermissible basis on these facts. Well, the Eighth Circuit certainly has not said that this would be permissible. I've found no case where you have a jointly occupied driver of a... The government says it's not even responsive to the question, mere presence, because of He's been driving for miles with a gun in it, knowing there's a gun in the car. If his original reason for flight was there's a gun in the car, perhaps, but taking his testimony, which is the... I don't think that's not the government's point. No matter whose gun it was, once he knows it's there and he's in control of the car, he's got a problem. No, I disagree, because I see your point, but respectfully, Your Honor, I disagree. If that was true, then Posner's hypothetical wouldn't make sense, and Judge Posner's hypothetical would not make sense in Rawlings, simply knowing... You have to have control. Control and knowledge are two different things. In fact, he's trying to find the gun under the seat and failing. That's the absence of control. Well, the instruction already required a finding of control. The instruction did have... You got to have proof beyond a reasonable doubt that he had control. Right. But clearly, the instruction was not getting that point across to the jury because we had the jury question. Also, I think for the reasons articulated in the brief, the word power in that instruction is ambiguous. And I think the similarity between this case and Manning shows that that same instruction can be reversible error. That was the same exact instruction given in Manning. So the fact that that instruction has the words control in it does not control the outcome of this case. I would like to reserve some time for rebuttal, Your Honors. Thank you. Mr. Newberry? Thank you, Your Honor. May it please the court, counsel. Richard Newberry on behalf of the government. Your Honors, we're here this afternoon asking the court to affirm the district court on its decisions regarding the jury instructions and the answer to the jury question. I believe you focused almost with a laser-like view on really what the question is. Asserting the proper review standard, abuse of discretion, it appears that the court is deciding the question, the broader question of whether or not U.S. v. Manning applies in this case. And if so, how does it apply? Well, in the first instance, Your Honor, we don't believe that Manning applies to this trial, in this case, a criminal case. The beginning, you have voir dire, jury selection on one end. On the other end, you have the verdict. So we have opening statements, presentation of the testimony, receipt of the evidence, closing arguments. Those things fulfill the normal trial. When we overlay the concept of instructions provided by the court to the jury, the Rubicon, the defining line is jury deliberations. So before jury deliberations, you have preliminary instructions and you have final instructions. After the jury begins to deliberate, you have supplemental instructions and you have answers to a jury question. As Your Honor, Judge Colleton has suggested, this is a case regarding the jury instructions before the jury begins to deliberate. That's what Manning says. And in the case at hand, the case at voir, this is a question of the instructions given by the court as an answer to a jury question. So it's after the deliberations begin. So we believe on that basis alone that Manning does not apply. However, if you should find that you're bound to apply, Manning, then the requirements are, is the request timely? Is the request supported by evidence in the law? And is it an accurate statement of the law? So number one, we also have the line of cases that deal with district courts. Well, I think the argument is just that Manning teaches what the right answer to the juror's question would have been, not that it's necessarily out of court, or procedurally, at least. We certainly agree that reading Manning... that was requested by the defense would have been, would not have responded to the question, to the juror question. I'm not sure I agree. I'm not sure I see that. Well, it's for this reason, Your Honor. If the jury asked the question, can you constructively possess the gun without touching it? We know that legally the answer is yes. And so if the district court responds to that question by saying mere presence is insufficient to establish possession, that is, that's almost the judge or the court offering its own view of the case. You're saying it was an erroneous request. If you, if you choose to look at it that way, you're absolutely right. It, it's not... Or it could have been a question that was answered with yes, but. Yes, that's true. It could have... Yes, but mere presence alone. It could have been yes, but mere presence, and also look at the instructions, the original  So when you look at U.S. v. Manning, there are 32 cases that cite U.S. v. Manning. There is not one case that reverses a conviction after the district court refused to give a mere presence instruction. I note that Your Honor, Judge Loken sat on two cases that are cited in the government's brief, Cornelison and Cantrell. I note that Your Honor, Judge Beam sat on the case involving U.S. v. Meads. I would also note that Your Honor, Judge Beam was the author of a case not cited in the government's brief. It's U.S. v. Serrano-Lopez that is found in the addendum provided by Mr. Booker because it's included in the district court's opinion regarding the motion for a new trial. So you're all familiar with the circumstances related to these issues of jury instructions on the one hand versus an answer to a jury question on another. We certainly would acknowledge that as the court has suggested, Mr. Booker did not object to the original instructions, including the instruction on possession, did not offer any theory of the defense instruction to be included in the original instructions. The defendant himself testified that he knew the gun was there and he tried to retrieve it while he was in the car. The defendant's testimony eliminated the need for any mere presence. If anything, it would have confused the jury by saying, here's a man driving a car, fleeing from the police, who testifies that I knew the gun was there and I tried to retrieve it and then to suggest that somehow they're going to analyze an instruction that says mere presence would be nothing but confusing. The mere presence would not have alerted the jury to the fact that you can possess a gun without touching it. The district court properly concluded the response must be accurate, clear, neutral, and non-prejudicial. So, to give the mere presence answer to the jury question certainly wouldn't have been neutral and we would submit it would have been prejudicial. So for those reasons, Your Honor, we believe the district court properly advised the jury and focused them on the issues presented in the case and certainly was within the discretion of the district court. And for those reasons, we ask you to affirm the district court. Thank you. Thank you. Mr. Myers, do you have some time? Thirty-four seconds. Your Honors, two quick points. One, the prosecution government brings up timeliness waiver. They cited absolutely no case law supporting that this objection was untimely or that it somehow waived it. We cited a Ninth Circuit case, United States versus Lane, which shows that the objection is proper. Second, the prosecution cited Corneliuson, Cantrell, and Serrano-Lopez. Take a close look at those cases. There is virtually no evidence to support a mere presence instruction in those cases. In fact, in Cantrell, the Cantrell court says, well, Manning said that instruction was required because there was evidence to support the instruction. This case is close like Manning. Manning controls here. If there are no questions. Very good. Thank you, counsel. Mr. Myers, you did a nice job on this one. I will tell you for future reference, for whatever it's worth, I don't read 30-page